IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR EBERT, | ) | 4:11CV3139 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RICK HARGREAVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on August 19, 2011. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis and ordered to pay an initial partial filing fee. (Filing No. 6.) After requesting and receiving two extensions of time, Plaintiff paid the initial partial filing fee on January 20, 2012. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against 11 State of Nebraska employees. (Filing No. 1 at CM/ECF p. 2.) He does not set forth whether Defendants are sued in their official or individual capacities. Plaintiff is incarcerated at the Lincoln Correctional Center ("LCC"). (*Id.* at CM/ECF p. 1; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that, beginning on December 20, 2010, he began filing a series of interview request and grievance forms in which he complained about back pain and also LCC officials' failure to treat his back pain. (*Id.* at CM/ECF pp. 6-14.) Despite filing a request for medical assistance on December 20, Plaintiff was not seen by medical staff until February 7, 2011. (*Id.* at CM/ECF pp. 6-7.) Between February 7, 2011, and July 2011, staff treated Plaintiff by prescribing Naproxin (*id.* at CM/ECF p. 7), taking X-ray examinations of Plaintiff's back (*id.* at CM/ECF p. 10), prescribing Meloxicam (*id.* at CM/ECF p. 11), prescribing exercises

(*id.* at CM/ECF p. 12), placing Plaintiff on "sick call" (*id.* at CM/ECF p. 12), and prescribing ibuprofen (*id.* at CM/ECF p. 12). On July 4, 2011, Defendant Dr. Douglas Moren informed Plaintiff that the results of his X-ray examination were "normal" and that he was being appropriately treated. (*Id.* at CM/ECF pp. 13, 39.)

Plaintiff complains that his back pain would never have been treated if he had not filed grievance forms. (*Id.* at CM/ECF p. 7.) Plaintiff also complains that Defendant Dr. Christina Ferguson ("Ferguson") spoke about Plaintiff's medical condition in front of other inmates and non-medical staff, thereby violating Plaintiff's "constitutional right to medical privacy." (*Id.* at CM/ECF p. 11.) Plaintiff seeks "proper medical care" for his back, and money damages. (*Id.* at CM/ECF p. 16.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However,

a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

*A. Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981).

Here, Plaintiff did not allege whether Defendants are sued in their official or individual capacities. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth above, the Eleventh Amendment bars claims for damages by private parties against employees of a state sued in their official capacities. Consequently, Plaintiff's monetary damages claims against Defendants are barred by the Eleventh Amendment.

*B. Eighth Amendment Medical Claim*

The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim relating to denial of medical treatment. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn,* 491 F.3d 394, 397 (8th Cir. 2007). [S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-04).

Here, Plaintiff began complaining to prison staff about back pain on December 20, 2010. Beginning February 7, 2011, staff addressed Plaintiff's complaints about back pain by prescribing Naproxin (*id.* at CM/ECF p. 7), taking X-ray examinations of Plaintiff's back (*id.* at CM/ECF p. 10), prescribing Meloxicam (*id.* at CM/ECF p. 11), prescribing exercises (*id.* at CM/ECF p. 12), placing Plaintiff on "sick call" (*id.* at CM/ECF p. 12), and prescribing ibuprofen (*id.* at CM/ECF p. 12). Thus, even if Plaintiff's back pain is a serious medical need, it is clear from Plaintiff's Complaint that Defendants are not disregarding his need. In light of this, Plaintiff has failed to state an Eighth Amendment medical claim upon which relief may be granted.

### C. *Plaintiff's Claims Against Ferguson*

The court liberally construes Plaintiff's Complaint to allege that Ferguson violated Plaintiff's constitutional privacy rights when she spoke about his medical condition in front of other inmates. The Second and Third Circuits have both held that prisoners have a limited right to privacy in their medical information. *See Doe v. Delie*, 257 F.3d 309, 315-16 (3d Cir. 2001); *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). The Eighth Circuit has yet to decide whether prisoners have a privacy right to their medical information. But even assuming that they enjoy such a right, Plaintiff has failed to plead facts showing he is entitled to relief on the claim. Where courts have recognized a right to medical privacy in the prison context, it has been when the medical information relates to something intensely personal, such as HIV-

4

positive status or transsexual status. *Wells v. Pinion*, No. 07-6844, 2008 WL 2185329, at *7 (E.D. La. May 20, 2008) (citing *Powell*, 175 F.3d at 111-12). Courts have held that prisoners do not have a privacy interest in other medical conditions that, "even though potentially embarrassing, are not of the 'excruciatingly private and intimate nature' of HIV and transsexualism." *Id.* (citing *Rodriguez v. Ames*, 287 F.Supp.2d 213, 220 (W.D.N.Y. 2003) (prisoner had no privacy interest in diagnosis of proctitis and internal hemorrhoids); *Webb v. Goldstein*, 117 F.Supp.2d 289, 298 (S.D.N.Y. 2000) (prisoner had no right to privacy in information concerning treatment for various genital conditions).

In the instant case, Plaintiff has no extremely sensitive medical condition, such as HIV, that would entitle him to the very limited constitutional protection recognized in other circuits. The allegations are that Ferguson "spoke about" Plaintiff's back pain in front of other inmates. Plaintiff's claims that Ferguson spoke about Plaintiff's back pain do not state a constitutional violation and will be dismissed.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (filing no. 1) is dismissed without prejudice in accordance with 28 U.S.C. § 1915(e)(2). The clerk's office is directed to place the "28USC1915(g)_STR" flag on this matter. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 28th day of February, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.